**Geoffrey ANGELS, Plaintiff–Appellant,**

v.

**RELIANCE STANDARD LIFE INSURANCE COMPANY and Graham–Field Incorporated Long Term Disability, Defendants–Appellees.**

**No. 05–2298–CV.**

United States Court of Appeals, Second Circuit.

Feb. 3, 2006.

ABA Heiman, Fusco, Brandenstein & Rada, PC, Woodbury, New York, for Plaintiff–Appellant.

Joshua Bachrach, Rawle & Henderson LLP, Philadelphia, Pennsylvania, for Defendants–Appellees.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. PIERRE N. LEVAL, and Hon. SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be and hereby is **AFFIRMED.**

Plaintiff–Appellant Geoffrey Angels appeals from a final judgment dated March 21, 2005, entered in the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*) granting summary judgment to Defendants–Appellees Reliance Standard Life Insurance Company ("Reliance") and dismissing Angels's ERISA claim protesting the denial of his application for long-term disability benefits. The district court also entered a default judgment against defendant Graham–Field, Inc. Long Term Disability Plan ("the Plan"). Angels argues that (1) the district court erred in reviewing the denial of benefits under a deferential standard; (2) he is totally disabled according to the definition contained in the insurance policy underlying the Plan and thus entitled to benefits; and (3) Reliance is liable for a default judgment entered against the Plan. We assume familiarity with the facts and procedural history, and we affirm the district court's order.

In interpreting a benefit plan under ERISA, we review the plan "as a whole, giving terms their plain meanings." *Fay v. Oxford Health Plan*, 287 F.3d 96, 104 (2d Cir.2002). When a plan's language is unambiguous, we may construe its meaning and grant summary judgment. *Id.* Even under a *de novo* review standard, we find both that the definition of Total Disability in the Plan is unambiguous and that Angels is not totally disabled under that definition. Therefore, we need not decide whether Reliance's interpretation of the Plan was entitled to the deference afforded it by the district court. As the district court ably explained in its opinion below, the interaction between the definition of Total Disability and Partial Disability provides conclusive support for Reliance's interpretation of the Plan. Partial Disability is defined as either the ability to perform the material duties of one's occupation on a part-time basis or the ability to perform some of the material duties of one's occupation on a full-time basis. This is the meaning that Angels asks us to ascribe to the term Total Disability. To avoid eliminating any distinction between the meaning of the two terms, Reliance's interpretation of Total Disability—the employee must be unable to perform even one material duty of his regular occupation—must be accepted. Therefore, if Angels was able to perform even a single material duty of his regular occupation during the Elimination Period, he was not totally disabled within the meaning of the Plan. Because Angels does not dispute that there were material duties of his occupation that he was able to perform during the Elimination Period, Reliance was justified in denying his claim.

Angels also contends that Reliance, as the Plan's insurer, is liable for the default judgment entered against the Plan. The policy in question is for long term disability insurance which provides coverage only when an insured (1) is Totally Disabled; (2) is under the care of a Physician; (3) has completed the Elimination Period; and (4) submits satisfactory proof of Total Disability to Reliance. Angels points to no provision of the Plan that provides general liability coverage nor does he cite to any legal authority for the proposition that Reliance is liable for judgments entered against third parties. As an insurer cannot be held liable for a claim which is not covered by the policy at issue, Reliance is not liable for the Plan's default judgment.

We have carefully considered Appellant's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the United States District Court for the Eastern District of New York is hereby **AFFIRMED.**